Beth E. Terrell, WSBA #26759
Erika L. Nusser, WSBA #40854
TERRELL MARSHALL DAUDT & WILLIE PLLC
Attorneys for Plaintiffs
936 North 34th Street, Suite 300
Seattle, WA 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 350-3528
Email: bterrell@tmdwlaw.com
Email: enusser@tmdwlaw.com

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WASHINGTON

C.B., a minor, by and through his
parents Chris Bishop and Sara
Christensen; J.B., a minor, by and
through his parents Chris Bishop and
Sara Christensen; CHRIS BISHOP,
individually; and SARA
CHRISTENSEN, individually,

                    Plaintiffs,

        v.

LAKE CHELAN SCHOOL DISTRICT
NO. 129, a Washington public school
district; and K.C. CRAVEN,
individually,

                    Defendants.

NO. 2:14-cv-00082-JLQ

**AMENDED COMPLAINT**

        Plaintiffs C.B., a minor, by and through his parents Chris Bishop and Sara

Christensen, J.B., a minor, by and through his parents Chris Bishop and Sara

Christensen, Chris Bishop, an individual, and Sara Christensen, an individual, by

their undersigned attorneys, for this complaint against Defendants Lake Chelan

School District, No. 129 ("LCSD") and K.C. Craven ("Craven"), allege as follows:

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

# I.  INTRODUCTION

1.1    Nature of Action.  Plaintiffs C.B., a minor, by and through his parents Chris Bishop and Sara Christensen, J.B., a minor, by and through his parents Chris Bishop and Sara Christensen, Chris Bishop, an individual, and Sara Christensen, an individual, against Defendant LCSD for negligent hiring, supervision, training, and retention of Defendant Craven, gender discrimination in violation of 20 U.S.C. § 1681 (Title IX), the Education Act, gender discrimination in violation of RCW 49.60.030, negligence, and for the severe emotional distress Plaintiffs suffered as a result.  Plaintiffs further bring this action against Defendant Craven for sexual harassment, sexual abuse, assault and battery, sexual misconduct with a minor in the first degree under the criminal statutes of Washington, specifically RCW 9A.44.093 and RCW 9A.44.010(8), and intentional infliction of emotional distress and/or negligent infliction of emotional distress.

# II.  JURISDICTION AND VENUE

2.1    Jurisdiction.  The events, acts and omissions giving rise to Plaintiffs' claims occurred in Chelan County, Washington.  Defendant LCSD operates public schools within Chelan County, Washington.  Defendant Craven is believed to be a resident of Chelan County, Washington.  Jurisdiction is therefore proper in Chelan County, Washington.

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

2.2    <u>Venue</u>.  Venue is proper in Chelan County because Defendant LCSD operates public schools in Chelan County and Defendant Craven resides in Chelan County, and Plaintiffs suffered injuries while C.B. and J.B. attended Morgen Owings Elementary School in the Lake Chelan School District.

### III.  PARTIES

3.1    <u>Plaintiffs Chris Bishop and Sara Christensen</u>.  Plaintiffs Chris Bishop and Sara Christensen are the parents of C.B. and J.B., minors.  Plaintiffs are residents of Chelan County, Washington.

3.2    <u>Plaintiffs C.B. and J.B.</u>  Plaintiffs C.B. and J.B. are minors and are subject to the law of the state of Washington concerning compulsory education. From 2005 to 2011, they attended their local, assigned public school, Morgen Owings Elementary School ("MOE"), in the Lake Chelan School District.

3.3    <u>Defendant Lake Chelan School District</u>.  Defendant LCSD is a Washington Public School District organized and operating under the laws of the State of Washington, and receives federal financial assistance for its public education programs.  LCSD controls and manages schools in Chelan, Washington, including MOE.  LCSD hires, sets the terms of employment, supervises administration personnel and school staff and teachers, and is responsible for adopting, implementing, and enforcing school district policies.

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

3.4    <u>Defendant K.C. Craven</u>.  Defendant Craven was at relevant times an employee of the Lake Chelan School District, employed as a fourth grade teacher at MOE and as a coach at the Chelan High School.

## IV.  FACTUAL ALLEGATIONS

**A.    LCSD Failed to Protect C.B. and J.B. From Foreseeable Harm**

4.1    During the 2009 – 2010 and 2010 – 2011 academic school years, Plaintiff C.B. and his brother, J.B., minors, attended Morgan Owings Elementary School in the Lake Chelan School District No.129.

4.2    Craven, who had previously been known in the Omak School District by the nickname "Creepy Craven," was hired by the LCSD and worked under its supervision when he began to harass C.B.

4.3    In 2009 through 2010, C.B. was a student in Craven's fourth grade class.  During that time, Craven began grooming C.B., engaging in sexually harassing and inappropriate behavior, manipulation and threats.  For example, Craven inappropriately touched C.B. and rubbed his groin area against C.B., exposed himself to C.B., attempted to assault C.B., and threatened C.B. not to tell. Craven's sexual harassment of C.B. was ongoing and eventually escalated to sexual assaults of C.B. on more than one occasion on MOE school grounds.

4.4    During the 2009 – 2010 and 2010 – 2011 academic school years, Craven physically and sexually assaulted C.B., during school hours and on MOE

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

school grounds, including in a fourth grade classroom and in a restroom designated staff-only.  Craven's acts of misconduct included forcing C.B. to sit in his lap while he rubbed his groin against C.B.'s buttocks; falsely imprisoning C.B. in a locked bathroom; exposing his genitalia and his erect penis to C.B.; grabbing C.B., and forcibly removing portions of C.B.'s clothing; forcibly restraining C.B. and anally raping C.B. with his erect penis; intimidating and frightening C.B.; and ordering him not to tell anyone about his actions.  Craven had the means to engage in such misconduct due to his control over C.B., in his capacity as C.B.'s assigned fourth grade teacher.

4.5    In March 2011, C.B. began gradually disclosing the abuse he had been suffering at the hands of Craven.  Fearing for the safety of his younger brother who would soon be entering fourth grade, on Wednesday, March 16, 2011, C.B. tearfully pleaded, "Mom, can you make sure [my brother] doesn't have Mr. Craven for a teacher."  C.B. then disclosed to Ms. Christensen some of Craven's inappropriate grooming behaviors.  At that time, C.B. did not disclose the full details of Craven's horrific conduct.

4.6    The LCSD failed to take appropriate action in response to C.B.'s disclosures to prevent further harm and instead acted with deliberate indifference.

4.7    Following C.B.'s first disclosure, Ms. Christensen emailed the MOE school counselor, Ted Sheimo, and met with him the next day.  Mr. Sheimo said he

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   would talk to C.B.  Despite these representations, neither Mr. Sheimo nor any other

2   LCSD counselor or staff member spoke to C.B. regarding Craven's misconduct.

3

4       4.8     In April 2011, C.B. began to disclose additional details regarding

5   Craven's ongoing sexual harassment, including that Craven had sexually assaulted

6   C.B. in a bathroom on the MOE campus.

7

8       4.9     Following C.B.'s disclosures, the LCSD failed to take appropriate

9   action to prevent further harm to Mr. Bishop and Ms. Christensen, and to their

10  minor children.  LCSD officials, including Dr. Manahan, responded with deliberate

11  indifference to C.B.'s report.  LCSD failed to keep Mr. Bishop and Ms.

12  Christensen informed of the status of its investigation, instructed MOE teachers

13

14  and staff not to talk to Mr. Bishop and Ms. Christensen, gave Mr. Bishop and Ms.

15  Christensen false information during a school board meeting in response to a direct

16  question, and refused Mr. Bishop and Ms. Christensen's requests to work with

17

18  them to ensure their children could remain students in the LCSD.

19

20      4.10    Not surprisingly, C.B's brother J.B. was repeatedly bullied following

21  C.B.'s disclosures.  C.B. and J.B. are identical twins and the kids at school

22  believed J.B. was the one who had "done something with Mr. Craven."  J.B. never

23  complained or corrected the kids.  He even took a punch to the face and cut on the

24

25  inside of his mouth, which abscessed and had to be drained.  J.B. was called gay

26  and demeaning notes with gay slurs were shoved into his locker.  Still J.B. never

27

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

corrected the kids, he simply texted his mom to say that the kids at school knew. Despite Mr. Bishop and Ms. Christensen's numerous complaints and suggested solutions, the LCSD did not do anything to remedy or stop the bullying of J.B.

4.11   The LCSD even placed J.B. in a class taught by Mrs. Reister, one of Craven's closest friends.  Mr. Bishop and Ms. Christensen voiced concerns to Dr. Manahan regarding the conflict of placing J.B. in a classroom with the only teacher the school district had permitted Craven to have contact with as a purported "exception" to the directives related to his administrative leave.  Not only was nothing done in response, but Mrs. Reister proclaimed publicly and through social media her distaste for her student's family, and reported an "F" grade for J.B., when in actuality, J.B. had earned an "A."  After changing J.B.'s grade, the LCSD removed J.B. from Mrs. Reister's classroom without any explanation or apology from the school district or Mrs. Reister.

4.12   Mr. Bishop and Ms. Christensen did not want to take their children out of the LCSD; Chelan is the family's home.  Mr. Bishop and Ms. Christensen were concerned about the well-being and safety of their children and the LCSD refused to even acknowledge let alone deal with the ongoing issues caused by Craven's assault.  As a result, Mr. Bishop and Ms. Christensen were left with no other choice than to remove their children from the LCSD and seek an educational environment that was safe for their children.

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

**B.      LCSD Knew Craven Had a Propensity for Engaging in Inappropriate Sexual Conduct with LCSD's Male Students**

4.13    Defendants LCSD knew or with reasonable care should have known of Craven's propensity for engaging in inappropriate sexual conduct with the school district's male students.  In the 2007 – 2008 school year – two academic school years before the year in which Craven began to prey upon C.B. – the LCSD administration received complaints that Craven had been inappropriately texting male students.  Such conduct was and is in violation of LCSD policies and practices.

4.14    At that time, LCSD failed to conduct a proper investigation. Moreover, the LCSD admonished Craven but subjected him to no further discipline.

4.15    Before the start of the 2010 – 2011 school year, the LCSD conducted an investigation into Craven's continued inappropriate contact with male students, including additional inappropriate text messages to his male students, inappropriate conversations of a personal nature with male students, inviting male students to his home, and driving male students in his personal vehicle against the request of two sets of parents.  Such conduct was and is in violation of LCSD policies and practices.

4.16    The text messages Craven sent to male students included messages about being drunk, inviting male students to play basketball with him late at night,

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

inviting male students to workout with him alone, asking a male student if he was "f***ing" his girlfriend, asking male students to send pictures of their abdominal muscles, and asking male students to send pictures of their "hammers," meaning penises.

4.17   Dr. Robert Manahan, LCSD's superintendent, issued Craven an "official letter of reprimand" for this conduct, constituting Craven's "third offense related to unprofessional conduct regarding student care[.]"  Despite LCSD's knowledge of Craven's sexual harassment of male students, no LCSD administrator or staff member reported Craven's misconduct to the police.

4.18   The LCSD also chose not to terminate Craven in 2010 after the investigation into his third offense, which involved inappropriate sexual conduct all with male students.  Instead, the LCSD took away Craven's coaching duties thereby restricting Craven's access to teenage male students, but permitting him continued access to the younger, more vulnerable male students at MOE, including those in his fourth grade class.

4.19   The LCSD's decision not to terminate Craven was inconsistent with its own policies and procedures, and past practices.

4.20   Had the LCSD conducted a proper investigation in 2010, it also would have learned that Craven had sexually assaulted J.J., a minor, multiple times in 2008, including while J.J. was a student in the LCSD.  Indeed, during the

AMENDED COMPLAINT - 9
CASE NO. 2:14-cv-00082-JLQ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

investigation, former LCSD coach, Julie Schwartz testified that a student "had to punch Craven to get him off [J.J.]."

4.21   Had the LCSD interviewed J.J. in 2010, it would have learned that Craven served alcohol to J.J. at Craven's home.  The school district would have further learned that Craven cut J.J.'s hair in the bathroom at Craven's home, that Craven suggested J.J. take a shower after the haircut, and that Craven remained in the bathroom while J.J. undressed and got into the shower.  Finally, the LCSD would have learned that Craven pulled at the buckle area of J.J.'s pants and said "let me see your hammer," and grabbed J.J. in the crotch area and butt on more than one occasion.  But the LCSD chose not to follow up on Ms. Schwartz's testimony.

4.22   The sexual harassment and assaults against C.B. never should have occurred and were easily preventable.  The LCSD knew or reasonably should have known, but failed to take any action before Craven sexually harassed and assaulted C.B. on MOE school grounds.

4.23   C.B., and his parents have each been injured and damaged by the conduct of Craven.

4.24   C.B., J.B., and their parents have each been injured and damaged by the conduct, acts and omissions of the LCSD.

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

## V.  FIRST CLAIM FOR RELIEF
### (State Tort Claims of C.B. as to Defendant Craven)

5.1    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

5.2    The acts of Defendant Craven committed against Plaintiff C.B. constitute sexual harassment, sexual abuse, assault and battery, sexual misconduct with a minor in the first degree under the criminal statutes of Washington, specifically RCW 9A.44.093 and RCW 9A.44.010(8), intentional infliction of emotional distress and/or negligent infliction of emotional distress.

5.3    As a result of the wrongful acts of Defendant Craven, Plaintiff C.B. has been injured and damaged in an amount to be determined at trial.

## VI.  SECOND CLAIM FOR RELIEF
### (State Tort Claims of Parents as to Defendant Craven)

6.1    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

6.2    As a result of the wrongful acts of Defendant Craven, Mr. Bishop and Mrs. Christensen, parents of C.B., have each been injured and damaged in an amount to be determined at trial, including but not limited to damages for emotional distress, mental anguish, parental grief, medical expenses, and other damages both past and future pursuant to RCW 4.24.010 for injury to the parent-child relationship and/or for seduction of a child pursuant to RCW 4.24.020.

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## VII.  THIRD CLAIM FOR RELIEF
### (State Claims of C.B. for Negligent Failure to Protect as to Defendant LCSD)

7.1    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

7.2    Defendant LCSD owes a special duty of care to its students to protect them from reasonably anticipated danger and harm.  Sexual misconduct, assault and predatory behavior by a teacher are legally foreseeable harm.

7.3    Defendant LCSD knew or in the exercise of reasonable care should have known that Craven presented a risk of danger or sexual misconduct toward its public school students, including plaintiff C.B.

7.4    Defendant LCSD breached its special duty protect C.B. and instead provided Craven with the opportunity to continue to abuse and assault male students, including C.B.  The negligent acts and omissions of Defendant LCSD caused the sexual harassment, sexual abuse and sexual assaults of C.B.

7.5    As a result, C.B. has been damaged in an amount to be proven at trial.

## VIII.  FOURTH CLAIM FOR RELIEF
### (State Claims of J.B. for Negligent Failure to Protect as to Defendant LCSD)

8.1    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

8.2    Defendant LCSD owes a special duty of care to its students to protect them from reasonably anticipated danger and harm.  Bullying conduct by other students is legally foreseeable harm.

8.3    Defendant breached its duty to J.B. by failing to take effective actions or steps to stop the hostile educational environment and the harassment of J.B. on the basis of his perceived sexual orientation by other students.  Defendant LCSD is liable for the harm its negligence foreseeably caused J.B.

8.4    As a result, J.B. has been damaged in an amount to be proven at trial.

## IX.  FIFTH CLAIM FOR RELIEF
### (State Claims of Parents for Negligent Failure to Protect as to Defendant LCSD)

9.1    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

9.2    As a result of the negligent acts of Defendant LCSD, Mr. Bishop and Mrs. Christensen, parents of C.B. and J.B., each have been injured and damaged in an amount to be determined at trial, including but not limited to damages for emotional distress, mental anguish, parental grief, medical expenses, and other damages both past and future pursuant to RCW 4.24.010 for injury to the parent-child relationship.

AMENDED COMPLAINT - 13
CASE NO. 2:14-cv-00082-JLQ

# X.  SIXTH CLAIM FOR RELIEF
## (State Claims of C.B. for Negligent Hiring as to Defendant LCSD)

10.1 Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

10.2 Defendant LCSD owed a duty of care to Plaintiff C.B. to protect him from the reasonably anticipated misconduct of Craven.  Defendant LCSD knew or in the exercise of reasonable care should have known that Craven presented a risk of danger or sexual misconduct toward its male public school students, including plaintiff C.B.  Defendant LCSD negligently hired Mr. Craven to teach fourth graders at MOE.

10.3 Defendant LCSD breached is duty to C.B. and, as a result, C.B. has been damaged in an amount to be proven at trial.

# XI.  SEVENTH CLAIM FOR RELIEF
## (State Claims of Parents for Negligent Hiring as to Defendant LCSD)

11.1 Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

11.2 As a result of the negligent acts of Defendant LCSD, Mr. Bishop and Mrs. Christensen, parents of C.B., each have been injured and damaged in an amount to be determined at trial, including but not limited to damages for emotional distress, mental anguish, parental grief, medical expenses, and other

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

damages both past and future pursuant to RCW 4.24.010 for injury to the parent-child relationship.

## XII.  EIGHTH CLAIM FOR RELIEF
### (State Claims of C.B. for Negligent Supervision and Retention as to Defendant LCSD)

12.1 Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

12.2 Defendant LCSD owed a duty of care to Plaintiff C.B. to protect him from the reasonably anticipated misconduct of Craven.  Defendant LCSD knew or in the exercise of reasonable care should have known that Craven presented a risk of danger or sexual misconduct toward its male public school students, including plaintiff C.B.  Defendant LCSD negligently failed to adequately supervise Craven, failed to properly investigate complaints against Craven, and negligently retained Craven.

12.3 Defendant LCSD breached is duty to C.B. and, as a result, C.B. has been damaged in an amount to be proven at trial.

## XIII.  NINTH CLAIM FOR RELIEF
### (State Claims of Parents for Negligent Supervision and Retention as to Defendant LCSD)

13.1 Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

13.2 As a result of the negligent acts of Defendant LCSD, Mr. Bishop and Mrs. Christensen, parents of C.B., each have been injured and damaged in an amount to be determined at trial, including but not limited to damages for emotional distress, mental anguish, parental grief, medical expenses, and other damages both past and future pursuant to RCW 4.24.010 for injury to the parent-child relationship.

## XIV.  TENTH CLAIM FOR RELIEF
### (State Claims of C.B. for Negligent Failure to Enforce State-Required Policies as to Defendant LCSD)

14.1 Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

14.2 The LCSD adopted an anti-sexual harassment policy required by and pursuant to state law for the protection of students and teachers from sexual harassment and sexual abuse.  Pursuant to such policy and state law, Defendant LCSD had a duty to implement and enforce such policy for the protection and benefit of its public school students.

14.3 Defendant LCSD failed to take reasonable steps to comply with, implement, or enforce such policy with respect to conduct of Defendant Craven in light of the knowledge, reports and information concerning his behavior and conduct, and breached its duty to Plaintiff C.B.

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

14.4 As a result of breach of duty, Plaintiff C.B. has suffered injury and damages in an amount to proven at trial.

## XV.  ELEVENTH CLAIM FOR RELIEF
### (State Claims of J.B. for Negligent Failure to Enforce State-Required Policies as to Defendant LCSD)

15.1 Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

15.2 The LCSD adopted an anti-sexual harassment policy required by and pursuant to state law for the protection of students and teachers from sexual harassment and sexual abuse.  Pursuant to such policy and state law, Defendant LCSD had a duty to implement and enforce such policy for the protection and benefit of its public school students.

15.3 Defendant LCSD failed to take reasonable steps to comply with, implement, or enforce such policy with respect to conduct of its students in light of the knowledge, reports and information that its students were harassing, intimidating and bullying J.B. with respect to his perceived sexual orientation, and breached its duty to Plaintiff J.B.

15.4 As a result of breach of duty, Plaintiff J.B. has suffered injury and damages in an amount to proven at trial.

TERRELL MARSHALL DAUDT & WILLIE  PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1
2
3

## XVI.  TWELFTH CLAIM FOR RELIEF
### (State Claims of Parents for Negligent Failure to Enforce State-Required Policies as to Defendant LCSD)

4
5

16.1 Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

6
7
8
9
10
11
12
13

16.2 As a result of the negligent acts of Defendant LCSD, Mr. Bishop and Mrs. Christensen, parents of C.B. and J.B., each have been injured and damaged in an amount to be determined at trial, including but not limited to damages for emotional distress, mental anguish, parental grief, medical expenses, and other damages both past and future pursuant to RCW 4.24.010 for injury to the parent-child relationship.

14
15
16

## XVII.  THIRTEENTH CLAIM FOR RELIEF
### (Claim by C.B. for Gender Discrimination in Violation of WLAD as to Defendant LCSD)

17
18
19

17.1 Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

20
21
22
23
24
25
26
27

17.2 Defendant LCSD, by and through its appropriate authorities, had knowledge that Craven presented a risk of danger of sexual misconduct toward its male students, including C.B.  Defendant LCSD, by and through its appropriate authorities, including those with actual knowledge that Craven presented such risk of danger, had the authority, power, and opportunity to take corrective action to protect its student population, including C.B., and to end the sexual harassment,

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

abuse, and discrimination by Craven, through proper supervision, training, investigation, and disciplinary action.  Defendant LCSD failed to take any appropriate or corrective action, and as such, provided Craven with the opportunity to continue to abuse and assault male students, including C.B.  The acts and omissions of Defendant LCSD caused the sexual harassment, sexual abuse, and sexual assaults of C.B., and also constitute deliberate indifference to the rights of C.B. and to known acts of sexual abuse and gender discrimination by Craven.

17.3 The conduct, acts, and omissions of Defendant LCSD constitute discrimination based on gender, and constitute discrimination against C.B. because of his gender in violation of the Washington Law Against Discrimination, RCW 49.60.030.

17.4 As a result of LCSD's deliberate indifference, Plaintiff C.B. suffered substantial injury and damages, the amount of which is to be proven at trial, together with the costs of suit including reasonable attorneys' fees pursuant to RCW 49.60.030.

## XVIII.  FOURTEENTH CLAIM FOR RELIEF
### (Claim of J.B. for Gender Discrimination in Violation of WLAD as to Defendant LCSD)

18.1 Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

18.2 Defendant LCSD, by and through its appropriate authorities, had knowledge that its students presented a risk of harassment, intimidation and bullying.  Defendant LCSD, by and through its appropriate authorities, including those with actual knowledge that students had been harassing, intimidating and bullying J.B., had the authority, power, and opportunity to take corrective action to protect its student population, including J.B., and to end the harassment, intimidation and bullying through proper supervision, training, investigation, and disciplinary action.  Defendant LCSD failed to take any appropriate or corrective action, and as such, provided its students with the opportunity to continue to harass, intimidate and bully J.B.  The acts and omissions of Defendant LCSD caused the sexual harassment, intimidation and bullying of J.B. based on his perceived sexual orientation, and also constitute deliberate indifference to the rights of J.B. and to known acts of sexual harassment, intimidation and bullying by its students.

18.3 The conduct, acts, and omissions of Defendant LCSD constitute discrimination based on gender, and constitute discrimination against J.B. because of his perceived sexual orientation in violation of the Washington Law Against Discrimination, RCW 49.60.030.

18.4 As a result of LCSD's deliberate indifference, Plaintiff J.B. suffered substantial injury and damages, the amount of which is to be proven at trial,

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

together with the costs of suit including reasonable attorneys' fees pursuant to

RCW 49.60.030.

### XIX.  FIFTEENTH CLAIM FOR RELIEF
### (Claim of C.B. for Gender Discrimination in Violation of Title IX as to Defendant LCSD)

19.1 Plaintiffs reallege and incorporate by reference each and every

allegation set forth in the preceding paragraphs.

19.2 Defendant LCSD, by and through its appropriate authority, had

knowledge that Craven presented a risk of danger of sexual misconduct towards its

male students, including C.B. Defendant LCSD, by and through its appropriate

authority, including those with actual knowledge that Craven presented such risk

of danger, had the authority, power, and opportunity to take corrective action to

protect its student population, including C.B., and to end the sexual harassment,

abuse, and discrimination by Craven, through proper supervision, training,

investigation, and disciplinary action.  Defendant LCSD failed to take any

appropriate or corrective action, and as such, provided Craven with the opportunity

to continue to abuse and assault male students, including C.B.  The acts and

omissions of defendant LCSD caused the sexual assault, harassment, and sexual

abuse of C.B., and also constitute deliberate indifference to the rights of C.B. and

to known acts of sexual abuse and gender discrimination by Craven.

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

19.3 The conduct, acts, and omissions of Defendant LCSD constitute discrimination based on gender, and constitute discrimination against C.B. because of his gender in violation of Title IX of the Education Act Amendments of 1972, 20 U.S.C. § 1681.

19.4 As a result of LCSD's deliberate indifference, Plaintiff C.B. suffered substantial injury and damages, the amount of which is to be proven at trial, together with the costs of suit including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

## XX.  SIXTEENTH CLAIM FOR RELIEF
**(Claim of J.B. for Gender Discrimination in Violation of Title IX as to Defendant LCSD)**

20.1 Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

20.2 Defendant LCSD, by and through its appropriate authorities, had knowledge that its students presented a risk of harassment, intimidation and bullying.  Defendant LCSD, by and through its appropriate authorities, including those with actual knowledge that students had been harassing, intimidating and bullying J.B., had the authority, power, and opportunity to take corrective action to protect its student population, including J.B., and to end the harassment, intimidation and bullying through proper supervision, training, investigation, and disciplinary action.  Defendant LCSD failed to take any appropriate or corrective

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

action, and as such, provided its students with the opportunity to continue to

harass, intimidate and bully J.B.  The acts and omissions of Defendant LCSD

caused the sexual harassment, intimidation and bullying of J.B. based on his

perceived sexual orientation, and also constitute deliberate indifference to the

rights of J.B. and to known acts of sexual harassment, intimidation and bullying by

its students.

20.3 The conduct, acts, and omissions of Defendant LCSD constitute

discrimination based on gender, and constitute discrimination against J.B. because

of his perceived sexual orientation in violation of Title IX of the Education Act

Amendments of 1972, 20 U.S.C. § 1681.

20.4 As a result of LCSD's deliberate indifference, Plaintiff J.B. suffered

substantial injury and damages, the amount of which is to be proven at trial,

together with the costs of suit including reasonable attorneys' fees pursuant to 42

U.S.C. § 1988.

## XXI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for entry of judgment against the Defendants

as follows:

A.    For an injunction compelling Defendant LCSD to enforce its

anti-harassment policies consistent with the requirements of state and federal

law to prohibit sexual harassment and discrimination on the basis of sex;

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

B.      For judgment against Defendant Craven and against Defendant

LCSD, jointly and severally, for all damages as allowed by law in an amount

to be proven at trial;

C.      Attorneys' fees and costs as allowed by law;

D.      Prejudgment and postjudgment interest;

E.      Right to amend the pleadings to conform to the evidence

produced at the time of trial; and

F.      For such other and further relief as the Court may deem just and

proper.

RESPECTFULLY SUBMITTED AND DATED this 22nd day of April,

2014.

TERRELL MARSHALL DAUDT &
WILLIE PLLC

By:  s/Erika L. Nusser
     Beth  E. Terrell, WSBA # 26759
     Erika L. Nusser, WSBA #40854
     Attorneys for Plaintiffs
     936 North 34th St., Suite 300
     Seattle, Washington 98103-8869
     Telephone:  (206) 816-6603
     Facsimilie:  (206) 350-3528
     Email:  bterrell@tmdwlaw.com
     Email:  enusser@tmdwlaw.com

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1

## CERTIFICATE OF SERVICE

2

3      I, Erika L. Nusser, hereby certify that on April 22, 2014, I electronically

4 filed the foregoing with the Clerk of the Court using the CM/ECF system which

5 will send notification of such filing to the following:

6      Michael E. McFarland, Jr., WSBA #23000
       Frieda K. Zimmerman, WSBA #46541
7      Evans, Craven & Lackie, P.S.
       818 W. Riverside, Suite 250
8      Spokane, Washington 99201-0910
       Telephone:  (509) 455-5200
9      Facsimile:  (509) 455-3632
       Email:  mmcfarland@ecl-law.com, kmauss@ecl-law.com
10     Email:  fzimmerman@ecl-law.com

11

12     *Attorneys for Defendant Lake Chelan School District No. 129*

13

14     DATED this 22nd day of April, 2014.

15                                    TERRELL MARSHALL DAUDT &
                                      WILLIE PLLC
16

17                                    By:  s/Erika L. Nusser
                                          Beth  E. Terrell, WSBA # 26759
18                                        Erika L. Nusser, WSBA #40854
                                          Attorneys for Plaintiffs
19                                        936 North 34th St., Suite 300
                                          Seattle, Washington 98103-8869
20                                        Telephone:  (206) 816-6603
                                          Facsimilie:  (206) 350-3528
21                                        Email:  bterrell@tmdwlaw.com
                                          Email:  enusser@tmdwlaw.com
22

23

24

25

26

27

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com