UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| C.B., a minor by and through his parents Chris Bishop and Sara Christensen; J.B., a minor by and through his parents Chris Bishop and Sara Christensen; CHRIS BISHOP, individually; and SARA CHRISTENSEN, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>LAKE CHELAN SCHOOL DISTRICT NO. 129, a Washington Public School District; and K.C. CRAVEN, individually,<br><br>Defendants. | NO. 2:14-CV-0082-JLQ<br><br>**ORDER COMPELLING DISCOVERY AND GRANTING JOINT MOTION FOR PROTECTIVE ORDER** |

BEFORE THE COURT is the parties Joint Motion for Protective Order (**ECF No. 23**). This case involves claims under Title IX and state law arising out of the alleged sexual assault of Plaintiff C.B. by Defendant K.C. Craven, who at the time of the alleged occurrences was a teacher for Defendant Lake Chelan School District (the School District). The Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g establishes protections for certain education records and permits the Department of Education to deny federal funding to a school system that does not comply with its provisions. The Motion requests the court 1) enter an order "providing Plaintiffs access to and discovery of the names and educational records and information, while at the same

ORDER - 1

time allowing the District to comply with FERPA and protecting the privacy rights of students"; and 2) enter the parties' proposed Stipulated Protective Order. (ECF No. 23).

The court finds given the nature of the allegations in this case there is good cause to compel the School District to comply with its discovery obligations under Rule 26 after compliance with the notification requirement mandated by FERPA and to enter the parties' stipulated protective order to protect students' right to privacy.

**ACCORDINGLY, IT IS HEREBY ORDERED:** The parties Joint Motion for Protective Order (ECF No. 23) is **GRANTED**. The School District shall provide Plaintiffs access to and discovery of the student names and educational records relevant to any claim or defense in this case.

The following procedures shall apply to any documents that identify the names of students or former students of Lake Chelan School District:

1. The names of any students or former students contained in any documents exchanged in discovery in this case will be deleted from the pleadings and public documents and replaced by the designation of initials. The name and identity of the students involved will be protected from public disclosure unless otherwise required by law. Any document exchanged by the parties in this case that contains the name of any student or former student of Lake Chelan School District will be treated as "Confidential" and subject to the terms of this Protective Order.

2. Lake Chelan School District will provide the Plaintiffs with unredacted documents responsive to Plaintiffs' discovery requests. Any student/educational records that may be contained in those records production will be marked "Confidential" (hereinafter, "Confidential documents") and treated as confidential, subject to this protective order.

3. All parties and their attorneys agree to treat all Confidential documents as confidential, except as necessary to present the parties' claims in the above-referenced case. Plaintiffs and their attorneys agree not to disseminate any student names, educational records, or any information from any educational records, covered by this

ORDER - 2

1  Order to any third-party, when and only when the specific identity is needed, except to:
2      a.    The party(ies), their attorneys and the attorney's employees;
3      b.    Consultants and experts retained by any party for the purposes of assisting in
4  the preparation or presentation of claims or defenses;
5      c.    Any person for the purpose of perfecting service of notices of deposition
6  and/or subpoenas for trial upon student witnesses;
7      d.    The court and its personnel;
8      e.    Court reporters, their staffs, and professional vendors to whom disclosure is
9  reasonably necessary for this litigation;
10     f.    The author or addressee of the document, or the person to which the
11 document or information relates, or the original source of the information; and
12     g.    Any other person authorized by the court.
13     4.    All of the foregoing persons, other than the parties' attorneys and the
14 attorney' staff persons working on this case shall be shown a copy of this Order and shall
15 sign it or otherwise signify in writing prior to being shown confidential documents that
16 the person has read the Order and consents to be bound by its terms.
17     5.    Any Confidential documents that are filed with the court will be reviewed by
18 the party proposing the document, and the names and other identifying details of the
19 students or former students involved will be deleted (or replaced with initials).  The
20 parties will attempt to agree to any deletions of information in advance.  If the parties are
21 unable to agree on the deletion of information, the court will be requested to review the
22 document in camera and make a determination of what, if any, information should be
23 deleted from the document.
24     6.    Upon completion of this litigation, all copies of the records or documents or
25 testimony with references to students shall remain confidential, and shall continue to be
26 kept pursuant to the above criteria.
27     7.    Nothing contained herein shall be construed to prejudice or limit any party's
28 right to use the records in the taking of depositions or at trial to the extent permitted, if at

ORDER - 3

1  all, under the rules of evidence and civil procedure.
2      8.    Court reporters shall be instructed to transcribe students' names by their
3  initials only.
4      9.    Nothing in this Order shall prevent any party hereto from seeking
5  modification of this Order, or from objecting to discovery which it believes to be
6  otherwise improper.
7      10.    Violation of the terms of this Order, by any of the signators to this
8  agreement, their employees, agents or experts may subject the violator to any sanction
9  deemed appropriate by the court.
10     The Clerk of the court is directed to file this Order and provide copies to counsel.
11     **DATED** this 23rd day of July, 2014.
12         s/ Justin L. Quackenbush
        JUSTIN L. QUACKENBUSH
13     SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4