UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| C.B., a minor, by and through his parents CHRIS BISHOP and SARA CHRISTENSEN; J.B., a minor, by and through his parents CHRIS BISHOP and SARA CHRISTENSEN; CHRIS BISHOP, individually, and SARA CHRISTENSEN, individually,<br><br>        Plaintiffs,<br><br>    vs.<br><br>LAKE CHELAN SCHOOL DISTRICT NO. 129, a Washington public school district; and K.C. CRAVEN, individually,<br><br>        Defendants. | NO. 2:14-CV-82-JLQ<br><br>ORDER ON PLAINTIFFS' MOTION TO EXPEDITE; MOTION FOR PROTECTIVE ORDER AND FOR SANCTIONS |

BEFORE THE COURT is Plaintiffs' Motion to Expedite (ECF No. 29) and Motion for Protective Order and for Sanctions (ECF No. 31).

While the pleadings in this matter indicate that Jerry Moberg, attorney for the Defendant Craven, has stated that he would not respond to the Motion until Monday, November 17, 2014, the imminency and nature of the matter dictate that the court state its views in order that counsel can then confer on the protocol for taking the minor Plaintiff C.B.'s deposition on November 19, 2014. If deemed necessary, the court will interrupt its other calendered matters on Monday, November 17, 2014, to hear from counsel telephonically at 1:30 p.m. If such a hearing is requested counsel shall advise the court's Judicial Assistant, Lee Ann Mauk, at 509-458-5280 prior to 9 a.m. on November 17, 2014.

/ / / / / / / / /

ORDER - 1

1.  Protective Order

Plaintiffs request a Protective Order prohibiting Defendant K.C. Craven ("Craven") from attending in person the deposition of Plaintiff C.B. ("C.B."), the minor whom he is accused of raping. Plaintiffs have suggested that Craven could attend via telephone. Mr. Moberg, counsel for Craven, has reportedly stated that he would not agree to non-attendance by Craven and that Craven has an "absolute right" to attend the minor's deposition.  The deposition is scheduled for Wednesday, November 19, 2014.

A district court may limit discovery by granting protective orders "for good cause." Fed.R.Civ.P. 26(c)(1); *see Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981). "In determining whether good cause exists for a protective order, the Court must balance the interests in allowing discovery against the relative burdens to the parties and nonparties." *U.S. E.E.O.C. v. ABM Industries, Inc.*, 2008 WL 2872407, at *2 (E.D. Cal. July 24, 2008)(not reported)(citing *In re Coordinated Pretrial Proceedings*, 669 F.2d 620, 623 (10th Cir. 1982)).

It appears from the Plaintiffs' pleadings, without a final ruling from the court,  that good cause exists to grant the Protective Order, restricting Craven from being in the same room as C.B., or having any contact with him on the day of the deposition. Health Counselor Lynn Madsen states in her affidavit that Craven's physical presence at the deposition would be personally traumatic for C.B., and negatively impact the accuracy of his deposition testimony. (ECF No. 33). Balanced against the harm to C.B. and his testimony is the light burden on Craven, requiring him to simply listen/and or view electronically and confer with his attorney out of the presence of C. B.  In a similar case, *ABM Industries*, *supra,* the U.S. District Court for the Eastern District for California issued a protective order prohibiting the alleged rapist defendant from being physically present for the alleged victim's deposition. *WL 2872407*, at *2.

2. Sanctions

Plaintiffs request an award of the attorneys' fees incurred incident to this motion. Fed.R.Civ.P. 37(a)(5)(A) states that if a motion for a protective order is granted, "the

court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *See also* LR 37.1(d). Plaintiffs' counsel has filed an affidavit stating they have "incurred $4,850 in fees to date in connection with the preparation of this motion, the accompanying declarations, and the proposed order." (ECF No. 32). Counsel for the Defendant Craven, in his response to the motion, shall address the attorney fee issue.

**IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion to Expedite (ECF No. 29) is **GRANTED**.

2. Counsel shall forthwith confer in an effort to resolve this matter.

3. If the parties cannot agree on a resolution, the Defendant Craven shall file his response to the Motion For Protective Order and Sanctions not later than 9 a.m. on Monday, November 17, 2014.

4. If counsel are unable to agree and need hearing by the court, they shall so advise the court's Judicial Assistant, Lee Ann Mauk, not later than 9 a.m. on Monday, November 17, 2014.

5. Plaintiffs' Motion for Protective Order and for Sanctions (ECF No. 31) is **RESERVED**.

6. Pending further Order of the court or agreement of the parties, Defendant Craven is prohibited from being in the same room with or having any contact with C.B., directly or indirectly, on the date of C.B.'s deposition. If a video camera is used for viewing, C.B. shall only be advised that Craven will be listening, not viewing. If requested by Craven he shall be allowed in a private area out of the presence of C.B.. If needed, Craven may confer with his attorney out of the presence, view, and hearing of C.B.. However, any such conference(s) shall not interfere with the orderly processing and conclusion of C. B.'s deposition.

**IT IS SO ORDERED.** The Clerk is hereby directed to enter this Order and furnish copies to counsel.

ORDER - 3

1      **DATED** this 12th day of November, 2014.

2                                    s/ Justin L. Quackenbush
                           JUSTIN L. QUACKENBUSH
3                   SENIOR UNITED STATES DISTRICT JUDGE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER - 4