UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| C.B., a minor, by and through his parents CHRIS BISHOP and SARA CHRISTENSEN; J.B., a minor, by and through his parents CHRIS BISHOP and SARA CHRISTENSEN; CHRIS BISHOP, individually, and SARA CHRISTENSEN, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>LAKE CHELAN SCHOOL DISTRICT NO. 129, a Washington public school district; and K.C. CRAVEN, individually,<br><br>Defendants. | NO. 2:14-CV-82-JLQ<br><br>ORDER MODIFYING PROTECTIVE ORDER |

BEFORE THE COURT is the parties' Joint Motion to Modify Protective Order (ECF No. 61) and Motion to Expedite Joint Motion to Modify (ECF No. 62). The parties have jointed requested that the court modify its July 23, 2014 Protective Order regarding Plaintiffs' medical records (ECF No. 24).

Rule 5.2(a)(3) requires minors to be referred to by their initials in court filings, unless otherwise ordered by the court. The parties state that "[g]iven the number of student names that have been discussed during the deposition, however, this requirement has made some of the deposition transcripts unclear." In light of this issue, the parties jointly request the court to modify the existing Protective Order by permitting court reporters to transcribe students' names in the deposition transcripts, but require that such portions of the deposition transcripts remain confidential. The Order's requirement that any names of students or former students be deleted from pleadings and public documents and replaced by the designation of initials will remain intact.

ORDER - 1

Plaintiffs also claim to have disclosed in discovery medical records that are protected by the Health Insurance Portability and Accountability Act ("HIPAA"). Plaintiffs therefore request, and Defendants do not oppose, that the court further modify the existing Protective Order to protect the privacy rights of Plaintiffs and those students not parties to this litigation in their medical records.

**IT IS HEREBY ORDERED:**

1. The parties' Joint Motion to Modify Protective Order (ECF No. 61) is **GRANTED.**

2. The parties' Joint Motion to Expedite Joint Motion to Modify (ECF No. 62) is **GRANTED.**

3. The court's July 16, 2014 Protective Order (ECF No. 24) is hereby modified to now read:

1. The names of any students or former students contained in any documents exchanged in discovery in this case will be deleted from the pleadings and public documents and replaced by the designation of initials. The name and identity of the students involved will be protected from public disclosure unless otherwise required by law. Any document exchanged by the parties in this case that contains the name of any student or former student of Lake Chelan School District will be treated as "Confidential" and subject to the terms of this Protective Order.

2. Lake Chelan School District will provide the plaintiffs with unredacted documents responsive to Plaintiffs' discovery requests. Any student/educational records that may be contained in those records production will be marked "Confidential" (hereinafter, "Confidential documents") and treated as confidential, subject to this protective order.

3. Plaintiffs have provided, may provide or may agree to disclosure of their discoverable, medical information. Any such records, whether produced by Plaintiffs or a third party shall be treated as "Confidential" (hereinafter,"Confidential documents"), subject to this protective order, including all such documents that have already been produced whether by Plaintiffs or a third party.

ORDER - 2

4. All parties and their attorneys agree to treat all Confidential documents as confidential, except as necessary to present the parties' claims in the above-referenced case. Plaintiffs and their attorneys agree not to disseminate any student names, educational records, any information from any educational records, or medical records or information covered by this Order to any third-party, when and only when the specific identity is needed, except to:

    a. The party(ies), their attorneys and the attorney's employees;

    b. Consultants and experts retained by any party for the purposes of assisting in the preparation or presentation of claims or defenses;

    c. Any person for the purpose of perfecting service of notices of deposition and/or subpoenas for trial upon student witnesses;

    d. The Court and its personnel;

    e. Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

    f. The author or addressee of the document, or the person to which the document or information relates, or the original source of the information; and

    g. Any other person authorized by the Court.

5. All of the foregoing persons, other than the parties' attorneys and the attorney' staff persons working on this case shall be shown a copy of this Order and shall sign it or otherwise signify in writing prior to being shown confidential documents that the person has read the Order and consents to be bound by its terms.

6. Any Confidential documents that are filed with the Court will be reviewed by the party proposing the document. With respect to educational records, the names and other identifying details of the students or former students involved will be deleted (or replaced with initials). With respect to any Confidential documents, the parties will attempt to agree to seal (in accordance with the rules) or to any deletions of information in advance, including any references to the Confidential information in a party's moving or

responsive papers. If the parties are unable to agree to seal (in accordance with the rules) or on the deletion of information, the Court will be requested to review the document in camera and make a determination of what, if any, information should be sealed or deleted from the document.

7. Upon completion of this litigation, all copies of the records or documents or testimony with references to Confidential information or documents shall remain confidential, and shall continue to be kept pursuant to the above criteria.

8. Nothing contained herein shall be construed to prejudice or limit any party's right to use the records in the taking of depositions or at trial to the extent permitted, if at all, under the rules of evidence and civil procedure.

9. Court reporters shall be instructed to transcribe students' names, but such portions of any deposition transcripts containing students' names shall remain confidential pursuant to the above criteria.

10. Nothing in this Order shall prevent any party hereto from seeking modification of this Order, or from objecting to discovery which it believes to be otherwise improper.

11. Violation of the terms of this Order, by any of the signators to this agreement, their employees, agents or experts may subject the violator to any sanction deemed appropriate by the Court.

    **IT IS SO ORDERED.** The Clerk is hereby directed to enter this Order and furnish copies to counsel.

    **DATED** this 9th day of December, 2014.

    s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4