UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

C.B., a minor, by and through his parents CHRIS BISHOP and SARA CHRISTENSEN; J.B., a minor, by and through his parents CHRIS BISHOP and SARA CHRISTENSEN; CHRIS BISHOP, individually, and SARA CHRISTENSEN, individually,

Plaintiffs,

vs.

LAKE CHELAN SCHOOL DISTRICT NO. 129, a Washington public school district; and K.C. CRAVEN, individually,

Defendants.

NO. 2:14-CV-82-JLQ

ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

BEFORE THE COURT is Defendant Lake Chelan School District's Motion for Partial Summary Judgment (ECF No. 46). Defendant School District requests the court to dismiss Plaintiffs' Sixth Cause of Action alleging negligent hiring. Defendant failed to comply with Local Rule 56.1 in filing the original Motion, resulting in the Reply brief being the operative document to which Plaintiffs were given extra time to file a Response. The court is satisfied all parties have now had a chance to fully brief this issue.

## I. Factual Background

In their Second Amended Complaint, Plaintiffs allege that from 2009 to 2011, Defendant K.C. Craven physically and sexually assaulted Plaintiff C.B., a minor, at Morgen Owings Elementary School, where Mr. Craven was employed by Defendant Lake Chelan School District. Plaintiffs further allege that C.B.'s twin brother, Plaintiff J.B., also a minor, was repeatedly bullied after fellow students mistakenly believed he

was the one allegedly abused by Mr. Craven. Plaintiffs contend the School District failed to take appropriate action against Mr. Craven, negligently allowing the alleged abuse.

**II. Standard of Proof**

Summary judgment is appropriate where the moving party shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A moving party without the ultimate burden of persuasion at trial has the initial burden of production, which is met by either (1) producing evidence negating an essential element of the nonmoving party's case, or (2), after suitable discovery, showing that the nonmoving party does not have enough evidence of an essential element of its claim to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1106 (9th Cir. 2000) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970) and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). If the moving party fails to make a sufficient showing, then the nonmoving party is not required to defend against the motion, and the motion is properly dismissed. *Neely v. St. Paul Fire and Marine Ins. Co.*, 584 F.2d 341, 344 (9th Cir. 1978). If the moving party meets its initial burden of production, then the nonmoving party must present evidence creating a genuine issue of material fact that supports its claim, or the motion is properly granted. *Nissan Fire*, 210 F.3d, at 1103. Whether the nonmoving party has met its latter burden turns on "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

An alternative option exists where the nonmoving party asks the court to defer ruling on the motion because it cannot yet present facts essential to justify its opposition. Fed. R. Civ. P. 56(d)(1). In this case, "[t]he burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir. 1996). "An opposing party's mere hope that further evidence may develop

prior to trial is an insufficient basis upon which to justify denial of the [summary judgment] motion." *Neely*, 584 F.2d, at 344.

**III. Legal Analysis**

Defendant Lake Chelan School District has moved for partial summary judgment arguing that, after suitable discovery, Plaintiffs cannot establish the necessary elements to support the negligent hiring claim. To prove negligent hiring a plaintiff must demonstrate that (1) the employer knew, or in the exercise of ordinary care, should have known of its employee's unfitness at the time of hiring such individual; and (2) the negligently hired employee proximately caused the plaintiff's injuries. *See, e.g., Carlsen v. Wackenhut Corp.*, 73 Wash.App. 247, 252-53 (1994). Defendant School District argues that Plaintiffs have had suitable discovery time to uncover evidence that the School District was negligent in hiring Mr. Craven by deposing four individuals heavily involved in that decision, none of whom have provided testimony indicating that Defendant acted negligently.

Specifically, Defendant School District points out that Plaintiffs have deposed Dr. James Busey, Superintendent of Lake Chelan School District at the time of Mr. Craven's hiring; Jeff Peck, Principal of Morgen Owings Elementary School, who was on the hiring team and who made the formal recommendation that the School District hire Mr. Craven; Dr. Rob Manahan, the School District's corporate designee; and Mr. Craven himself, who was asked a series of questions about his hiring process. Defendant asserts that none of these depositions have unveiled any evidence of negligent hiring.

Plaintiffs respond that they do not need to defend against the Motion because Defendants have not met their burden of production. Plaintiffs note that, while they have deposed members of Mr. Craven's hiring team, they are still investigating other individuals involved in the hiring process and that they have not yet concluded their deposition of Dr. Manahan, which is scheduled to continue February 9, 2015. Furthermore, Plaintiffs point out that they recently received over 40 GB of data taken from Mr. Craven's school computer, arguing this information might shed light on their

negligent hiring claim. Therefore, Plaintiffs request the court to either dismiss the Motion entirely, or in the alternative, exercise its authority under Rule 56(d) and defer ruling on the Motion until the close of discovery on May 15, 2015.

Plaintiffs' "mere hope that further evidence may develop prior to trial is an insufficient basis upon which to justify denial of" Defendants' Motion for Summary Judgment. *Neely*, 584 F.2d, at 344. However, that rule only applies if Defendant, as moving party, has first satisfied its initial burden of production by showing that suitable discovery has commenced and Plaintiffs do not have enough evidence to prove negligent hiring at trial. The court finds Defendant School District has not met this burden. While members of Mr. Craven's hiring team have been deposed, these depositions are not complete, nor has discovery of everyone involved in the hiring process been completed by Plaintiffs. Defendant School District argues that neither Dr. Manahan nor Mr. Craven's school computer files can possibly provide information relevant to the negligent hiring claim because Dr. Manahan worked for the School District subsequent to Mr. Craven's hiring and Mr. Craven only used his school computer after being hired. However, it is improper to categorically deny that these sources of information might shed light on a potential negligent hiring just because they entered the relevant picture after the hiring took place. Put simply, the time for discovery has not yet passed and, at this point, Plaintiffs are not required to provide evidence establishing a genuine issue of material fact that supports its claim or that such evidence exists.

## IV. Conclusion

Considering the "strong policy in favor of liberal discovery," the court finds Defendants have not met their burden of production necessary to dismiss Plaintiffs' negligent hiring claims and will allow discovery to continue on this matter. *See, e.g., Dart Industries Co., Inc. v. Westwood Chemical Co., Inc.* 649 F.2d 646, 650 (9th Cir. 1980). Furthermore, the court finds no reason to simply defer the Motion pursuant to Rule 56(d).

**IT IS HEREBY ORDERED:** Defendant Lake Chelan School District's Motion for Partial Summary Judgment (ECF No. 46) is **DENIED**, with leave to renew.

**IT IS SO ORDERED.** The Clerk is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 24th day of January, 2015.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE